| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **CHRISTONE DISTRIBUTION, INC.** |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (if known) | 23-10055 |

☑ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11                    02/20

**CHRISTONE DISTRIBUTION, INC.**'s Plan of Reorganization, Amended to incorporate changes in proposed confirmation order.
Plan # 6 Dated **January 16, 2024**

**Background for Cases Filed Under Subchapter V.**

    A. **Description and History of the Debtor's Business**

        The Debtor is a corporation. Since 2017, the Debtor has been in the business of e-commerce which primarily sells auto products on Amazon. However, in July 2022, problems arose due to the defective and low-quality products provided by manufacturer Qingdao Xinlin Material Co., LTD. This led to increased expenses and decreased cash flow for Debtor, as well as a high customer return rate and negative online reviews on the Amazon platform. Consequently, Amazon removed certain items from their listing and reduced Debtor's visibility on the platform. This resulted in a decrease in revenue and the need for business loans to cover basic operating expenses, as well the sharp increase in the cost of customer refunds and return shipping fees for the returned products. The business incurred a direct loss of $360,000 from returning 3,200 sets of tires, among other things. Currently, Debtor has three merchant cash advance (MCA) loans, structured as "future receivable purchases" which make up the most onerous debts

    B. **Liquidation Analysis**

        To confirm the Plan, the Court must find that all creditors and equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and equity interest holders would receive in a chapter 7 liquidation. A liquidation analysis is attached to the Plan as Exhibit **A**.

    C. **Ability to make future plan payments and operate without further reorganization**

        The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments and operate the debtor's business.

        The Plan Proponent has provided projected financial information as Exhibit **B**.

        The Plan Proponent's financial projections show that the Debtor will have projected disposable income (as defined by § 1191(d) of the Bankruptcy Code) for the period described in § 1191(c)(2) of $ **48,333** (on average based on projections, and before making any payments specified in the plan).

        The final Plan payment is expected to be paid 60 months after the effective date of the plan.

    **You should consult with your accountant or other financial advisor if you have any questions pertaining to these projections.**

## Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **CHRISTONE DISTRIBUTION, INC.** (the *Debtor*) from income generated from the future income from operations of the e-commerce business and specifically sale of auto products.

This Plan provides for:    **0** classes of priority claims;
                               **4** classes of secured claims;
                               **1** classes of non-priority unsecured claims; and
                               **0** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **0 (zero)** on the dollar. This Plan also provides for the payment of administrative claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## Article 2: Classification of Claims and Interests

Debtor  **CHRISTONE DISTRIBUTION, INC.**                             Case number (*if known*) **23-10055**
        Name

| | | |
|---|---|---|
| 2.01 | **Class 1** | The claim of **Amazon Capital Services, Inc.** to the extent allowed as a secured claim under § 506 of the Code. |
| 2.02 | **Class 2** | The claim of **Byzfunder NY LLC**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.03 | **Class 3** | The claim of **Marcus By Goldman Sachs**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.04 | **Class 4** | The claim of **Mulligan Funding, LLC**, to the extent allowed as a secured claim under § 506 of the Code. |
| 2.05 | **Class 5** | All non-priority unsecured claims allowed under § 502 of the Code. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| | | |
|---|---|---|
| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, ["gap" period claims in an involuntary case allowed under § 502(f) of the Code,] and priority tax claims are not in classes. |
| 3.02 | **Administrative expense claim of Ballstaedt Law Firm, LLC d/b/a Fair Fee Legal Services** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. It is estimated that this administrative claim will be approximately $20,000 and is subject to court approval. Additionally, the payment of additional attorney fee payments will be deferred and shall not commence until the payments to Amazon Capital Services, under Article 4, has been completed. |
| 3.03 | **Administrative expense claims of Subchapter V Trustee, Jeanette E. McPherson** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. It is estimated that this administrative claim will be approximately $17,000 and is subject to court approval. |
| 3.04 | **Administrative Post-Petition Rent Claim of Harsch Investment Properties-Nevada II, LLC,** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.05 | **Priority tax claims** | There are no priority tax claims. |
| 3.06 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.07 | **Prospective quarterly fees** | Not applicable as subchapter V Debtors are not required to pay quarterly fees to the United States Trustee, and this is a Subchapter V case. |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01  Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – **Secured claim of Amazon Capital Services, Inc. in the amount of $386,745.35** | ☑ Impaired<br>☐ Unimpaired | Amazon Capital Services, Inc ("ACS") and Debtor have reached an agreement by Stipulation (ECF #38) for use of cash collateral, and for plan treatment as follows:<br><br>Neither the entry of the plan confirmation order nor the terms of the plan shall affect the lien rights of Amazon Capital Services ("ACS"). Upon the effective date of the plan, ACS shall hold a first position lien on all collateral pledged to it under its pre-petition loan documents and an allowed secured claim for the full unpaid balance of the loan. The Debtor shall disburse adequate protection payments to ACS of $20,000 per month through plan confirmation. The ACS allowed secured claim shall bear interest at the contract interest rate of 10.99%. After confirmation, the Debtor shall disburse payments, as follows:<br><br>12/2023 $5,000<br>1/2024 $5,000<br>2/2024 $5,000<br>3/2024 $5,000 |

Debtor **CHRISTONE DISTRIBUTION, INC.**     Case number (if known) **23-10055**

| | | | |
|---|---|---|---|
| | | 4/2024 $30,000 | |
| | | 5/2024 $30,000 | |
| | | 6/2024 $30,000 | |
| | | 7/2024 $30,000 | |
| | | 8/2024 $30,000 | |
| | | 9/2024 $30,000 | |
| | | 10/2024 $19,359 | |
| **Class 2 – Secured claim of Byzfunder NY LLC in the amount of $72,768.00** | ☑ Impaired <br> ☐ Unimpaired | Byzfunder NY LLC and Debtor have reached an agreement by stipulation (ECF #21) for use of cash collateral, and for plan treatment for the claim of $72,768.00. <br><br> Debtor shall disburse to Byzfunder NY LLC monthly payments of $3,032 per month, beginning on March 1, 2023 and continuing for a term of 24 months. Payments shall be disbursed by Debtor to Byzfunder NY LLC directly. The terms of the stipulation shall govern the treatment for this claim. | |
| **Class 3 – Secured claim of Marcus By Goldman Sachs in the amount of $77,422.00** | ☑ Impaired <br> ☐ Unimpaired | For the first twelve months, the Debtor shall disburse monthly interest-only payments at a 9% annual interest rate, amounting to $580.67 each month. Following this period, the remaining principal and interest will be paid over 48 months with monthly payments of approximately $1,926.65. <br><br> Total Payout Summary: <br><br> The total payout over the 60-month period, including both principal and interest, will be approximately $99,447.24. This total comprises $6,968.04 in interest-only payments during the first year and $92,479.20 for the principal and interest payments over the following 48 months. | |
| **Class 4 – Secured claim of Mulligan Funding in the amount of $249,883.30** | ☑ Impaired <br> ☐ Unimpaired | For the first twelve months, the Debtor shall disburse monthly interest-only payments at a 9% annual interest rate, amounting to $1,874.12 each month for Mulligan Funding. Following this period, the remaining principal and interest will be paid over 48 months with monthly payments of approximately $6,218.36. <br><br> Total Payout Summary: <br><br> The total payout over the 60-month period, including both principal and interest, for Mulligan Funding will be approximately $320,970.72. This total comprises $22,489.44 in interest-only payments during the first year and $298,481.28 for the principal and interest payments over the following 48 months. | |
| **Class 5 – Non-priority unsecured creditors** | ☑ Impaired <br> ☐ Unimpaired | The Non-priority unsecured creditors shall not receive a disbursement. | |

### Article 5: Allowance and Disallowance of Claims

**5.01 Disputed Claim**

A *disputed claim* is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either:

(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

**5.02 Delay of distribution on a disputed claim**

No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

**5.03 Settlement of disputed claims**

The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

### Article 6: Provisions for Executory Contracts and Unexpired Leases

Debtor **CHRISTONE DISTRIBUTION, INC.**  Case number (*if known*) **23-10055**
        Name

| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date: |
|---|---|---|

| Lessor | Description |
|---|---|
| Harsch Investment Properties- Nevada II, LLC, c/o Harsch Investment Properties ATTN: Property Manager 3111 South Valley Blvd, Suite K-101 Las Vegas, NV 8910 | Warehouse: 3111 South Valley View Blvd, Suite D-102 Las Vegas, NV 89102. Debtor shall cure |
| Amazon Capital Services ("ACS") C/O K&L Gates LLP ATTN: Brian Peterson 925 Fourth Avenue, Suite 2900 Seattle, WA 98104 | Amazon Business Solutions Agreement allowing Debtor to operate as a retailer on Amazon.com |

(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than **90** days after the date of the order confirming this Plan.

## Article 7: Means for Implementation of the Plan

The plan will be funded primarily through revenues generated by the operation of the Debtor's business. The Debtor's officers and directors will remain unchanged, with the business operations being managed by the Debtor's President, Jing Liu.

## Article 8: General Provision

| 8.01 | **Definitions and rules of construction** | The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: |
|---|---|---|
| 8.02 | **Effective Date** | The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated. |
| 8.03 | **Severability** | If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan. |
| 8.04 | **Binding Effect:** | The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity. |
| 8.05 | **Captions** | The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan. |
| 8.06 | **Controlling Effect** | Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of **NV** govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan. |
| 8.07 | **Corporate Governance** | Debtor is a corporation and as required by § 1123(a)(6) of the Code, shall continue to operate under the direction of Managing Member, Jing Liu. Debtor does not intend to liquidate any assets, and intends to remain in full operation of the e-commerce business. |
| 8.08 | **Retention of Jurisdiction** | The bankruptcy court shall retain jurisdiction of this case after the effective date of the plan. |

Debtor **CHRISTONE DISTRIBUTION, INC.**    Case number (*if known*) **23-10055**
Name

## Article 9: Discharge

**Discharge of the Debtor, a corporation under Subchapter V –**

If the Debtor's Plan is confirmed under § 1191(a), on the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

   (i) imposed by this Plan; or

   (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 3 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt:

   (i) on which the last payment is due after the first 3 years of the plan, or as otherwise provided in § 1192;

   or

   (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

X /s/ Jing Liu
[Signature of the Plan Proponent]

Jing Liu
[Printed name]

X /s/ Seth D Ballstaedt, Esq.
[Signature of the Attorney for the Plan Proponent]

Seth D Ballstaedt, Esq.
[Printed name]