_____
Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
March 25, 2024
_____

Ballstaedt Law Firm, LLC d/b/a Fair Fee Legal Services
Seth D. Ballstaedt, Esq. Bar # 11516
8751 W Charleston Blvd #230
Las Vegas, NV 89117
(702) 715-0000
help@bkvegas.com

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No: 23-10055-mkn |
| CHRISTONE DISTRIBUTION, INC | Trustee: JEANETTE E. MCPHERSON |
| Debtor | Chapter: 11 Subchapter V |
| Debtor(s) | **Order Re: Stipulation Between Debtor and Bank of America** |

**THIS MATTER** having been negotiated in good faith between Christone Distribution, Inc. (the "Debtor") and Bank of America (the "Bank," and together with Debtor, "Parties"), and having agreed upon the terms set forth in the stipulation are the order of this court.

**IT IS HEREBY ORDERED THAT:**

1. The Bank shall disburse to the Debtor, **via such method as is agreeable between the Debtor and the Bank**, all amounts automatically debited from the Debtor's bank accounts that were applied to the Cards since the Petition Date.

2. The Debtor, within fourteen (14) days after both Parties have executed the Stipulation, shall provide the Bank with instructions to enable the Bank to tender payment **and shall provide any information or documentation reasonably requested by the Bank in connection with tendering such payment, including but not limited to providing a W-9.**

3. The Bank, no later than fourteen (14) days after receiving the instructions provided for in paragraph two (2) of this Order shall tender payment to the Debtor. In the event that funds in excess of $17,200.00 have been inadvertently automatically applied to the credit cards with the Bank since the Petition Date, the Bank shall tender payment of those additional funds to the Debtor, pursuant to the instructions provided in Paragraph two (2) of this Order, within fourteen (14) days of the Bank's receipt of those funds.

4. Upon receipt of the payment set forth in the first sentence of paragraph three (3) of this Order, the Debtor shall be deemed to have released the Bank from any liability associated with the post-petition automatic withdrawal of funds from the Debtor's bank accounts, the application of such amounts to the amounts outstanding under the credit cards, and any application of the automatic stay in connection therewith.

5. The Debtor and the Bank shall continue to work in good faith to cancel the automatic payment feature

**IT IS SO ORDERED**

Submitted by:

/s/Seth D. Ballstaedt
Seth D. Ballstaedt
Attorney for Debtor

Approved by:

/s/ Nicholas R. Marcus
Nicholas R. Marcus
Counsel for Bank of America